UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIVER TERRACE LP, | No. 2:17-cv-00533-TLN-GGH |
| Plaintiff, | |
| v. | **ORDER** |
| MOHAMMED ISSIFU, | |
| Defendants. | |

This matter is before the Court pursuant to Defendant Mohammed Issifu's Notice of Removal.  (ECF No. 1.)  Defendant also filed a motion to proceed in forma pauperis.  (ECF No. 2.)  For the reasons set forth below, the Court remands the action to the Superior Court of California, County of Sacramento, due to lack of subject matter jurisdiction.

**I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On July 23, 2017, Plaintiff River Terrace LP ("Plaintiff") filed an unlawful detainer action in the Superior Court of California, County of Sacramento.  (Not. of Removal, ECF No. 1.)  The complaint alleged that on January 9, 2017, Defendant failed to comply with a 3-day notice to pay rent or quit the premises.  (ECF No. 1 at 8.)  On March 3, 2017, Defendant filed a Notice of Removal in the United States District Court, Eastern District of California.  (ECF No. 1.)  In his Notice of Removal, Defendant alleges the Court has jurisdiction under "28 U.S.C. § 1441 (a) and/or (b)."  (ECF No. 1 at 2.)  Defendant further alleges that "[t]he complaint presents federal

1

questions." (ECF No. 1 at 2.)

## II. STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, *as amended*, 387 F.3d 966 (9th Cir. 2004), *cert. denied* 544 U.S. 974 (2005).

The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. Removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question, whether filed in state court or federal court. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

## III. ANALYSIS

Defendant states in his notice of removal that jurisdiction is proper under 28 U.S.C. § 1441(a) and/or (b). (ECF No. 1 at 2.) Defendant further states that "[f]ederal question exists because Defendant's Answer, a pleading depend [sic] on the determination of Defendant's rights and Plaintiff's duties under federal law." (ECF No. 1 at 3.) Defendant argues that his answer raises a question of the adequacy of the notice to quit under The Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220. (ECF No. 1 at 2.) After reviewing the Notice of Removal, the Court concludes that Defendant cannot present a viable argument to support federal question jurisdiction.

1   Subject matter jurisdiction exists where a federal question arises on the face of the complaint.  *See Caterpillar*, 482 U.S. at 386 ("federal [question] jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint").  Plaintiff does not bring any claims within the complaint that involve a federal question that would supply this Court with original jurisdiction.  Defendant asserts that his answer in state court creates a federal question because it depends on a determination of the parties' rights and duties under the Protecting Tenants at Foreclosure Act.  (ECF No. 1 at 2.)  However, Defendant has not presented adequate facts to demonstrate how federal law arises out of the answer.  Even if the Defendants had adequately alleged a federal question from his answer, the federal question would not arise on the face of the complaint.  Defendant's assertion is akin to a defense and a defense that rests on federal question cannot form a basis for federal question jurisdiction.  *See Id.* at 393 ("it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense").  Therefore, Defendant is not entitled to removal on the grounds of federal question jurisdiction.

  Defendant has failed to establish his burden of showing that jurisdiction before this Court is proper based on federal question jurisdiction.  Therefore, it is appropriate to remand this case, *sua sponte*, for lack of federal jurisdiction.  *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not.").

### IV.  CONCLUSION

  For the foregoing reasons, the Court hereby REMANDS this action to the Superior Court of California, County of Sacramento.  Additionally, the Court has reviewed Defendant's motion for in forma pauperis status (ECF No. 2), and finds that Defendant meets the requisite standard.  As such, Defendant's motion for in forma pauperis status is GRANTED.

  IT IS SO ORDERED.

Dated: March 15, 2017

                Troy L. Nunley
                United States District Judge